Ruffin, C. I.
■ The liability of the sheriff himself for the taxes, in a proper action, is not disputed; and the only point is, whether he and his sureties are liable therefor upon his general official bond for 1847. We own *232 that we see no reason, why they should not be, The act of 1827 imposed the duty on the sheriff of collecting the town taxes ; and one part of the condition of the bond, after enumerating several particular duties of the sheriff, is., that “he shall pay all money by him received by virtue of any process to the person or persons to whom the same shall be due, and in all other things well, truly, and faithfully execute the said office of Sheriff, during his continuance therein.” Those words are therefore broad enough to cover the present case ; and the principle laid down in Cameron v. Campbell, 3 Hawks 285, and in other cases, is a sound one, that when a Statute requires a bond from an officer for the faithful discharge of his duty, and a new duty is afterwards attached to the office by Statute, such bond, given subsequently to the latter Statute, embraces the new duty and is a security for its performance. If it be not so, then with the creation of every additional duty of an officer, there would be a necessity for requiring a seperate special security — which has never been done or thought of. The contrary, however, is supposed to be established by the cases of Crumpler v. the Governor 1 Dev. 52 and the Governor v. Barr, 1 Dev. 65, and Governor v. Matlock, 1 Dev. 213, in which it was held, that the general words, in the conclusion of the general bond of the sheriff, did not extend to the public and county taxes. But those exceptions were expressly placed on the ground, that the Statutes, which made it the duty of the sheriff to collect those taxes, required separate bonds as securities for each species of tax. The construction was, that those bonds were, upon the intention, not cumulative, but special securities for the revenue of each kind, inasmuch as, if it were not so, the interests of the. public and private persons would often come in conflict, and, indeed, the penalty of the bond would often be exhausted by the public, leaving nothing or but little as a security to individuals. To use the expressive language of Judge Henderson in *233 Matlock’s case, the law, which requires a sheriff to giv.e bond for the collection of the taxes, “withdraws the obligations imposed by that law from the bond for the discharge of his ordinary official duties.” But that is not the case here. There was an attempt to shew that it is, by a reference to the provisions in the Act of 1794; which authorised the commissioners to take a bond from a collector appointed by that board. But that is restricted to the officer, who might be thus appointed, and cannot be extended either to the constable or the sheriff, who are required to collect the taxes by the subsequent acts; and the reason was, plainly, that those officers had already given bonds that were deemed sufficient. Such was the case with the town constable, uuder the statutes then in force, and to that the Act of 1827 must have reference. To shew that the power and duty of the sheriff to collect the taxes were not to depend on the sheriff’s first giving a bond therefor, we have only to advert to the supposition, that he had refused to give such a bond, and consider the consequence. If the defendant’s argument be right, it would put it in the power of the sheriff, at his own will, to evade a duty, expressly imposed on him by the statute, or he would have been liable to the town for the damages sustained by his not giving the bond, and thereby qualifying himself to collect the taxes —which would have been a breach of duty within the words of the official bond, for whieh he would have been liable for precisely the damages demanded in this suit, namely, the taxes which he ought to have collected. A construction, leading to such an absurdity, cannot be the true one. The words in the Act of 1827, that the sheriff is to collect and account for the taxes “in like manner and under the same rules and regulations as were prescribed for the constable and collector under the Act of 1825,” refer only to the periods for the assessment of the taxes, making out and delivering the list and warrants, and of *234 the collection and payment of the money ; and they cannot be connected with the Act of 1794, requiring a special bond for that purpose. None was deemed necessary, when the duty was imposed on the sheriff, and one was not required.
The judgment must therefore be reversed and judgment be entered for the plaintiff upon the verdict.
Per Curiam,
Judgment reversed and judgment for the plaintiff.